## CIRCUIT COURT OF FAIRFAX COUNTY

Alvarez et al.

v.

Dekar Homes, Inc., et al.

August 15, 1989

Case No. (Law) 90236

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on the defendants' demurrers to the plaintiffs' amended motion for judgment.

The demurrers of the defendants are based upon the following grounds: that the plaintiffs did not have leave of the Court to allege an additional count in their amended motion for judgment (all defendants assert this as a ground), that the Virginia Consumer Protection Act, upon which the new count is based, is not applicable to this case (again, all defendants), that facts to support any alleged ratification of certain acts by the defendants have not been pleaded sufficiently (Defendants Dekar, Long & Foster, and Mount Vernon only), and that the motion for judgment lacks specificity regarding alleged misrepresentations (Dekar only). The Court rules on the demurrers in this manner.

1. The Court did not specifically grant the plaintiffs the right to amend the motion for judgment to include a new theory of recovery. Since the new claim arises totally out of the same previously alleged factual predicate, however, defendants would not be prejudiced by the inclusion of this count in the amended motion for judgment. The demurrers are overruled on this point.

2. The defendants assert that the Virginia Consumer Protection Act is not applicable to real estate transactions and cite the case of *Smith v. United States Credit Corp.*,

626 F. Supp. 102 (E.D. Va. 1985). This case is inapposite as it involved actions that were covered by the Federal Consumer Credit Protection Act which is a statutory exception to the Virginia Act. The plaintiffs on the other hand rely on virtually identical letter opinions issued by Judges Brown and Fitzpatrick of this bench in 1985 to support their position that the Act applies to real estate transactions. Under the Court's reasoning *infra*, the Court chooses not to follow those previous decisions. Real estate transactions are not excluded *per se* from coverage under the Act, neither do they automatically fall within the Act's scope. The Court must look to the provisions of the Act as they apply to the factual situation at bar to determine whether a valid claim under the Act has been alleged.

The operative provision of the Virginia Consumer Protection Act ("the Act") is § 59.1-200. This section sets forth the actions that are to be considered violations. The section begins, "The following acts or practices committed by a *supplier* in connection with a *consumer transaction* are hereby declared unlawful . . ." (emphasis added). The operative words to trigger this section are "supplier" and "consumer transaction," both of which are amplified in the definitional section of the Act.

Section 59.1-198(C) reads, " '*Supplier*' means a seller or lessor who advertises, solicits, or engages in consumer transactions, or a manufacturer or distributor who advertises and sells or leases goods or services to be resold or leased by other persons in consumer transactions."

Section 59.1-198(A)(i) reads, " '*Consumer transaction*' means . . . the advertisement, sale, lease, or offering for sale or lease of goods and services to be used primarily for personal, family, or household purposes . . ."

Section 59.1-198(B) reads, " '*Goods*' means all *real*, personal, or mixed property . . ." (emphasis on "real" added).

It is fundamental to this analysis at this point to emphasize that the consumer transaction in question in this case, as framed by the plaintiffs' pleadings,

involved the sale of goods (*i.e.*, real property). All of the alleged illegal conduct by the defendants was in the course of the sale of the real property. A close reading of the above-quoted provisions in conjunction with the just-stated factual foundation leads to different results as to Dekar and the real estate agent defendants.

As to the real estate agents, to be classified as a supplier under § 59.1-198(C), they must be either a seller engaged in consumer transactions or a distributor who sells goods or services to be resold by others. The latter definition applies to entities like La-Z-Boy, Whirlpool, or Orkin who have a public presence but are not the party that engages in the ultimate sale of the goods or services to the consumer. There has been no allegation in this case that the real estate agents sold anything to a middle-man who then served as the ultimate seller to the consumer.

For purposes of this case, real estate agents are not distributors; but, real estate agents *are* sellers. However, they are sellers of services, not goods. There is no allegation that any of the agents were the seller of the real property in this case. The consumer transaction which would fall under the Act's coverage would be the sale of the agents' services to the consumer, not any conduct subsequent to the completion of that transaction. Since the plaintiffs have not alleged any illegal acts whatsoever in the sale of the agents' services to the plaintiffs, no violation of the Act has been pleaded. The demurrer to Count IV is sustained as to the real estate agent defendants. As to Dekar, since Dekar was a seller engaged in the consumer transaction in question (*i.e.*, the sale of the real property), Dekar, as a supplier, comes squarely within the provisions of the Act. The demurrer to Count IV is overruled as to this defendant.

3. The motion for judgment contains allegations that the defendants gained knowledge of the alleged misconduct, did not try to rectify the results of the misconduct, and accepted the benefits of the misconduct. The plaintiffs have sufficiently pleaded facts to set forth a claim of ratification. The demurrers are overruled on this point.

4. The motion for judgment contains sufficient specificity with regard to the alleged misrepresentations. The demurrer is overruled on this point.